**IN THE UNITED STATES DISTRICT COURT**
**EASTERN SECTION OF TENNESSEE**

LAWRENCE IRWIN,

 Plaintiff,

v.                     Civil Action No.: _____

THE NATIONAL NUCLEAR SECURITY ADMINISTRATION, a division of
THE DEPARTMENT OF ENERGY,

 Defendant.

## COMPLAINT FOR INJUNCTIVE/DIRECTIVE RELIEF AND DECLARATORY ACTION FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT – 5 U.S.C. § 552 et seq.

 Plaintiff, by and through under-signed counsel, hereby sues the Defendant for injunctive relief in the form of compelling production pursuant to the Freedom of Information Act, 5 U.S.C. § 552, et seq., as well as declaratory relief should the Defendant try and make a bad faith argument in relying on a defense that the Plaintiff is not entitled to the information he is seeking, which arguably has been waived.

**PARTIES**

 1. Plaintiff, Lawrence Irwin, (hereinafter referred to as "Plaintiff") is a resident of Blount County, Tennessee and a citizen of Tennessee.

 2. Defendant, National Nuclear Security Administration, (hereinafter referred to as "Defendant"), is a division of The Department of Energy with its principal office located in Washington, D.C.

**JURISDICTION AND VENUE**

 3. Both jurisdiction and venue are proper before this Honorable Court as the Plaintiff resides in Blount County, Tennessee , which lies within the grand division of this Honorable

Court and finally this Honorable Court has federal subject matter jurisdiction under 5 U.S.C. § 552 et seq. (hereinafter "FOIA"). See also 28 U.S.C. § 1331, 28 U.S.C. § 2201 et seq., 5 U.S.C. § 552(a)(6)(C)9i) and finally, 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. 1391(e)(1).

**FACTS GIVING RISE TO CAUSE OF ACTION UNDER 5 U.S.C. § 552 ET SEQ.**

4. Plaintiff is a training specialist with the Office of Secure Transportation.

5. Plaintiff has worked for the Defendant for many years and his employment record is beyond reproach.

6. On June 7, 2023, as a result of a disciplinary complaint brought against him from his supervisor, Jonathan Cloke, Jeff Beck, Dr. Marvin and others, regarding live training weapons, which were left on the firing range by the group prior to the Plaintiff's group. As a result, this Firm made a FOIA request for certain information, which would aid the Plaintiff in defending and defeating the disciplinary allegation. **Exhibit A**. A proper investigation was never conducted, the disciplinary guidelines, the Douglas Factors, were used inappropriately to retaliate against the Plaintiff for exposing workplace hostile environment conditions, and finally, and most disturbing, an investigator with the anti-harassment division was made to change his report, by individuals in the employ of the Defendant, which had indicated the Defendant acted outside the rules when it levied its discipline against the Plaintiff and the Plaintiff should not have been disciplined. Outrageous conduct indeed and perhaps one of the unlawful reasons the documentation has not been produced at all.

7. On June 7, 2023, in connection with the FOIA request, the under-signed was contacted by Lora Bright. Esq. with the FOIA division of the Department of Energy. Proof of representation was sent to Mrs. Bright for the research to begin into the search terms.

8. On June 7, 2023, the under-signed also received an email from Christina H. Hamblen, the Director of FOIA, FOIA Public Liasson for the NNSA which stated in pertinent part, "We want to ensure your case is processed completely, and quickly."

9. Shortly thereafter, Mrs. Rose, with the under-signed's Firm, spoke with Mrs. Bright's office to ensure that the parties were all on the same page concerning the search terms. **Exhibit A**.

10. The search terms were agreed upon and the Defendant acknowledged that it was going to begin its research in June of 2023.

11. Since that time, the Plaintiff has received no interim letter regarding his FOIA request, this Firm has made numerous requests for updates to the Plaintiff's request, to no avail. Nothing at all has been received from the Defendant's FOIA request. It has been nearly one year since the Plaintiff's FOIA request and he has received nothing. No denial, disclosure, list of exempt items, documentation requested … nothing.

12. The Plaintiff has incurred several thousands of dollars of unnecessary attorney's fees for having to constantly call and write the Defendant to inquire about his request. In addition, this FOIA request impacts very important, fundamentally protected, federal employee rights, which are being violated every day the Plaintiff goes to work, which is why the documents were sought to begin with. The Defendant's dilatory conduct in producing the requested documentation can only be explained as trying to run out the Plaintiff's statute of limitations on his federal claims against his supervisors and or to hide what is very damming to the Defendant arising out of the conduct the Defendant is knowingly subjecting the Plaintiff to at his federal workplace.

13. Despite the requirements of 5 U.S.C. § 552 et seq., the under-signed counsel tried on numerous occasions to reach out to Mrs. Bright and others with the FOIA department to try and provide one last good faith opportunity to comply with the Code to no avail.

14. 5 U.S.C. § 552 et seq. sets forth in pertinent part:

> (a) Each agency shall make available to the public information as follows:
>
> (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public—
> (A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;
> (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;
> (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;
> (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and
> (E) each amendment, revision, or repeal of the foregoing.
> Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register.
> (2) Each agency, in accordance with published rules, shall make available for public inspection in an electronic format—
> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;
> (C) administrative staff manuals and instructions to staff that affect a member of the public;
> (D) copies of all records, regardless of form or format—
> (i) that have been released to any person under paragraph (3); and
> (ii)
> (I) that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or
> (II) that have been requested 3 or more times; and
> (E) a general index of the records referred to under subparagraph …

5 U.S.C. § 552.

15. Where there is a failure to comply with FOIA, as in the case at bar, 5 U.S.C. § 552 et seq. sets forth that this Honorable Court has the power to compel the Defendant to

produce the documents and assess costs and attorney's fees against the Defendant for its failure to comply with the Act. 5 U.S.C. § 552(E)(i)(ii).

16. As noted above, the Plaintiff has received nothing from the Defendant, no disclosure, no list of exempt items, no denial letter, no partial denial letter and partial production letter, and not a single production of the subject documents … nothing.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THAT THIS HONORABLE COURT ISSUE AN ORDER COMPELLING THE DEFENDANT TO PRODUCE THE SUBJECT DOCUMENTS, SHOULD THERE BE A DISPUTE OVER WHETHER THE PLAINTIFF IS ENTITLED TO THE DOCUMENTATION THAT THIS HONORABLE COURT ORDER THE DOCUMENTS TO BE PRODUCED SO THAT THIS HONORABLE COURT MAY MAKE A REVIEW OF THE DOCUMENTS AND DETERMINE WHETHER THE DEFENDANT WITHHOLDING THE DOCUMENTS IS JUSTIFIED, AND FINALLY GIVEN THE FACT THAT THE DEFENDANT HAS FAILED TO RESPOND TO THE PLAINTIFF IN ANY REAONABLE MANNER WHATSOEVER OR IN COMPLIANCE WITH FOIA, THAT THE PLAINTIFF BE AWARDED ALL OF HIS ATTORNEY'S FEES AND COSTS FOR HAVING TO PROSECUTE THIS CLAIM. FINALLY FOR ANY OTHER GENERAL RELIEF THIS HONORABLE COURT DEEMS THE PLAINTIFF IS ENTITLED TO.**

Respectfully submitted,

**THE EGLI LAW FIRM**

s/Russ Egli
Russ Egli, BPR#24408
Attorney for the Plaintiff
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-304-4125
855-827-0624
theeglilawfirm@gmail.com